UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHIRLEY JONES,

   Plaintiff,

v.               Case No. 5:03-CV-123

LANSING HOUSING COMMISSION, et al,  HON. GORDON J. QUIST

   Defendant(s).
              /

## ORDER ADOPTING REPORT AND RECOMMENDATION

  The Court has before it Defendant's objections to the Magistrate Judge's Report and Recommendation issued on September 19, 2003, in which the magistrate judge recommended that Plaintiff's motion for a preliminary injunction (docket no. 3), seeking immediate restoration of her Section 8 housing subsidy pending adjudication of Plaintiff's complaint, be granted. After conducting a _de novo_ review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

  Defendant argues that under the Section 8 voucher program, the Lansing Housing Commission ("LHC") must approve both the applicant and the landlord before allowing participation in the program. All parties acknowledge that the LHC has disqualified Plaintiff's landlord from participating in the Section 8 voucher program, and that Plaintiff nevertheless continues to live in a residence owned by the disqualified landlord. Defendant contends that requiring the LHC to reinstate Plaintiff's Section 8 voucher payments while Plaintiff is residing in a unit owned by a

landlord disqualified by the LHC impugns the integrity of the Section 8 voucher program and is contrary to federal regulations.

The Court rejects Defendant's objections for the following reasons. First, the magistrate judge found, and the Court agrees, that Defendant terminated Plaintiff's Section 8 subsidy without affording her the due process rights announced in Goldberg v. Kelly, 397 U.S. 254 (1970) and set forth in the applicable U.S. Department of Housing and Urban Development ("HUD") regulations. The due process violation alone warrants reinstatement of Plaintiff's Section 8 subsidy payments pending the final adjudication of this matter. Second, Defendant has not issued Plaintiff a Form HUD 52646 voucher, which would allow Plaintiff to seek a different housing unit that is approvable for the Section 8 subsidy program. Plaintiff has indicated she is willing immediately to seek an approvable unit once her Section 8 eligibility is reinstated and she receives the appropriate Form HUD 52646 voucher. The Court can find no sound reason for Defendant's refusal to issue this voucher. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued September 18, 2003 (docket no. 15) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a preliminary injunction (docket no. 3) is **GRANTED**. Defendant shall reinstate Plaintiff's Section 8 voucher payments pending final resolution of this matter.

Dated: October 17, 2003                  /s/ Gordon J. Quist
                                                            GORDON J. QUIST
                                                   UNITED STATES DISTRICT JUDGE